IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED

FEB -7 2018

ARTHUR JOHNSTON
BY_____ DEPUTY

ANDRE FUNCHES, SR                                                    PLAINTIFF


VERSUS                                            NO. 3:18cv82-DPJFKB


MISSISSIPPI DEVELOPMENT AUTHORITY                              DEFENDANTS
AND GLENN McCULLOUGH, DARON WILSON
JAY McCARTHY, JENNIFER SLEDGE,
IN THEIR INDIVIDUAL CAPACITY


JURY TRIAL DEMANDED


## COMPLAINT

This is an action to recover actual damages against the Mississippi Development Authority,

Hostile Work Environment and Retaliation, and Equal Protection against, Glenn

McCullough,(whom is a white male), Daron Wilson,(whom is a white male), Jay

McCarthy,(whom is a white male), Jennifer Sledge,(whom is a white female), in their individual

capacity. Glenn McCullough, Daron Wilson, Jay McCarthy, Jennifer Sledge, are not sued for

damages because of the qualified immunity doctrine, but is sued for violation of the Title VII of

the Civil Rights Act of 1964 as amended, Civil Rights Act of,  42 U.S.C. § 1983, 1992 in their

individual capacity. The Mississippi Development Authority,  have been subjected to the

violations of the 14th amendment, Equal Protection by the Defendants, Glenn

McCullough,(whom is a white male), Daron Wilson,(whom is a white male), Jay

McCarthy,(whom is a white male), Jennifer Sledge,(whom is a white female), in their individual

capacity. The following facts support this action and for cause would show unto the court the following:

1.

Plaintiff, ANDRE FUNCHES, Sr, an African-American male who is at least 40-years of age and is an adult resident citizen of 4856 Windermere Terrace, Jackson, Mississippi 39206. Creating a Hostile work Environment, Retaliation, and Equal Protection, by the Defendants, he has been employed as MDA- Associate Manager Finance in the Accounting and Finance division within the Mississippi Development Authority Division.

2.

Defendant, MISSISSIPPI DEVELOPMENT AUTHORITY, is a political subdivision of the State of Mississippi.  It has no Eleventh Amendment immunity because Congress, through Title VII of the Civil Rights Act of 1964, pursuant to its powers under the Fourteenth Amendment, has waived its sovereign immunity.  It may be served with process upon the Mississippi Development Authority, Executive Director Glenn McCullough, Daron Wilson, Jay McCarthy, Jennifer Sledge, 501 North West Street 39201, 15th floor, Jackson, Mississippi, Royce M. Cole, Special Assistant Attorney General or any agent or representative of the Mississippi Development Authority, 501 North West Street 39201, 15th floor, Jackson, Mississippi and upon the Attorney General of the State of Mississippi, Jim Hood, Carroll Gartin Justice Building, 450 High Street, Post Office Box 220, Jackson, Mississippi 39205-0220. Defendant, Glenn McCullough, Daron Wilson, Jay McCarthy, Jennifer Sledge, are sued in their individual capacity for relief for a violation and for, creating a Hostile work Environment and Retaliation, and Equal Protection.  Because Plaintiff concedes that, Glenn McCullough, Daron Wilson, Jay McCarthy, Jennifer Sledge have qualified immunity for damages, in their individual capacity only.  They

may be served with process at their place of employment, Mississippi Development Authority, 501 North West Street 39201, 15th floor, Jackson, Mississippi 39201.  Glenn McCullough, Daron Wilson, Jay McCarthy, Jennifer Sledge are on the Management team of Mississippi Development Authority and made or authorized the employment action against Plaintiff.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action for Hostile Work Environment, Retaliation, and Equal Protection, because Plaintiff opposed these discriminations as made unlawful by the Civil Rights Act of 1964.  This Court also has jurisdiction over a claim for relief against Defendant(s), Glenn McCullough, Daron Wilson, Jay McCarthy, Jennifer Sledge, are as authorized by 42 U.S.C. § 1983, to redress a claim for violation of the Fourteenth Amendments.

4.

At all relevant times, the individual Defendant Glenn McCullough, Daron Wilson, Jay McCarthy, Jennifer Sledge, were employed as part of the management team of the Mississippi Development Authority.

5.

After spending seventeen (17), (*as of February 12, 2018*), years working with the Mississippi Development Authority, Plaintiff was and is the only male in the Accounting and Finance, Grants Unit, from October 2012 through April 19, 2017, when this reprimand was given to the Plaintiff.  Plaintiff applied for several positions, with the defendant's agency.  The Defendants decided to hire a less qualified female whom falsified her application in (2) hiring cycles, which would render a failure not afford him (ANDRE FUNCHES, the plaintiff) an interview and not to hire him the Plaintiff (ANDRE FUNCHES) is obvious Age discrimination,

Gender/Sex Discrimination, Hostile work Environment, Improper Hiring Practices and Retaliation, Disparate Treatment, Disparate Impact and Equal Protection. The Plaintiff file a grievance against Jennifer Sledge by the process of following the Policy and Procedures and the State of Mississippi Employee handbook (7.5.4 and 10.5.4). The Plaintiff was given a poorly written and ambiguous memo that contradicts the Policies and Procedures and the Employee handbook of the State of Mississippi and the Mississippi Development Authority. It was only given to the plaintiff and no other employee on or about August 23, 2016. The memo stated that" You are to submit any future grievances, grievance related documents and/or attachments *directly to **me (Jennifer Sledge),** and no other member of the Human Resource* Department, Your grievance, related documents and/or attachments should be fully enclosed in an envelope without clear sections through which the grievance, documents or attachments can be viewed". The Plaintiff did exactly that, hand the grievance to Jay McCarthy, in a white envelope.  The Plaintiff knows from the seventeen (17 years), of experience with the State of Mississippi how they harass and look for the miniscule reason(s) to terminate an employee. So the Plaintiff knew from blowing the whistle on improper hiring practices, discriminatory actions, sexual harassment, age discrimination, racial discrimination, filing grievances, filing several complaints with the Equal Employment Commission and filing several Complaints with the United States Federal court that he had to always have to perfect on any he did, at work on time, lunch and back from lunch, any work product has to be perfect without any human mistakes. Nonetheless the Plaintiff was unduly reprimanded for following the memo.

6.

(Reprisal for Engaging in Protected Activities)

The foregoing paragraphs are realleged and incorporated by reference herein. The Defendants conduct alleged above constitutes retaliation against the Plaintiff because he engaged in active protected by Title VII. The stated reasons for the Defendants conduct were not true reasons, but instead were Pretext to hide the Defendants retaliatory animus

7.

(Creating a Hostile working Environment)

The foregoing paragraphs are realleged and incorporated by reference herein. The Defendants conduct alleged above constitutes retaliation against the Plaintiff because he engaged in active protected by Title VII. The stated reasons for the Defendants conduct were not true reasons, but instead were Pretext to hide the Defendants discriminatory animus

8.

Plaintiff has suffered mental anxiety and stress.

9.

Plaintiff is entitled to relief against the Defendant(s), declaring Plaintiff's denial of promotion violation the Fourteenth Amendments of the United States Constitution and directing his relief.

**ADMINISTRATIVE PROCEDURE**

10.

Plaintiff has filed and EEOC charge, and received the right to sue letter, attached hereto, as Exhibit "A".

11.

Plaintiff filed a charge of discrimination, satisfying the requirements of 42 U.S.C. § 2000 (e) with the EEOC in Jackson, Mississippi. Such charge was filed within one hundred and eighty (180) days after the last unlawful employment practice occurred.

12.

The EEOC, On November 21, 2017, the EEOC issued a determination DISMISSAL AND NOTICE OF RIGHTS (Right to Sue Letter), According to the determination, "the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge."

13.

This Complaint is being filed within ninety (90) days of the Plaintiff's receipt of the Notice of Right to Sue. Plaintiff has complied with all statutory and administrative prerequisites to filing suit.

14.

The Plaintiff re-alleges all prior paragraphs of the complaint as if set out here in full. Plaintiff contends that had clearly established right under the Equal Protection clause while employed with the Mississippi Development Authority to be free from a Hostile work environment and retaliation. Upon information and belief, the Mississippi Development Authority and Defendants, knew or should have known Funches had clearly established rights to Equal Protection and was/is entitled t to be treated like similarly situated employees to be free from a Hostile work environment and Unlawful retaliation

# **PRAYER**

Plaintiff requests punitive damages and compensatory relief against the Defendants and removing and derogatory reprimands from his personnel files and remove any and all information about the Plaintiff from the internet, together with compensatory and punitive damages, and requests damages fees, costs and expenses of litgation against the Defendant(s), and Mississippi Development Authority, in an amount to be determined by a jury. Plaintiff also request reasonable fees against all Defendants.

Respectfully Submitted,
Andre Funches Sr.

BY: _____
Andre Funches, Sr.,