IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANDRE FUNCHES, SR.**                                                                                                              **PLAINTIFF**

**V.**                                         **CIVIL ACTION NO. 3:18-cv-82-DPJ-FKB**

**MISSISSIPPI DEVELOPMENT AUTHORITY,**
**et al.**                                                                                                                          **DEFENDANTS**

## ORDER

Before the Court is Defendants' Motion for Sanctions [7]. For the following reasons, the Court finds that it should be denied.

Plaintiff Andres Funches, Sr., proceeding *pro se*, has filed at least five suits against his employer, the Mississippi Development Authority ("MDA").[1] Each of the five suits, including the one *sub judice*, alleges that MDA and various MDA employees engaged in some form of employment discrimination. In this particular suit, many, if not all, of Funches's allegations stem from a written reprimand he received on April 19, 2017. [1] at 3-4.

MDA moved to dismiss this case on May 31, 2018. [3]. On June 18, 2018, Funches filed his response. [5].

Funches attached an exhibit [5-1] to his response, which contains three categories of documents. The first is a copy of the April 2017 written reprimand mentioned in his Complaint, which references "seventeen photographs of a salacious nature of another employee." *See* [5-1] at 1-2, filed under seal. The second category of documents is a series of photographs, presumably the same as those referenced in the reprimand, several of which depict Funches's co-worker nude or

---

[1] This is the fourth suit that Funches has filed against MDA. *See Funches v. Mississippi Development Authority, et al.*, Civil Action No. 3:13-cv-790-DPJ-FKB; *Funches v. Mississippi Development Authority, et al.*, Civil Action No. 3:14-cv-186-DPJ-FKB; *Funches v. Mississippi Development Authority, et al.*, Civil Action No. 3:16-cv-824-WHB-JCG. Since filing this case on February 7, 2018, Funches has filed a fifth suit against MDA. *See Funches v. Mississippi Development Authority, et al.*, Civil Action No. 3:18-cv-645-HSO-JCG.

semi-nude. [5-1] at 3-25, filed under seal. And the third is a portion of a report entitled, "Confidential MDA Personnel Investigation," which relates to an investigation of Funches's allegation that the subject co-worker received the promotion at MDA by allowing the hiring official to engage in sexual activity with her. [5-1] at 26-27, filed under seal.

Funches presented his response and attached exhibit to the Clerk's Office for conventional filing. The Clerk's Office received Funches's response and exhibit for filing, but *sua sponte* filed the exhibit under seal. The exhibit remains under seal.

Defendants have moved for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Specifically, Defendants cite Rule 11(b) which provides:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation. . . .

Fed. R. Civ. P. 11(b). Defendants argue that Funches did not file the photographs for any legitimate purpose and that the photographs are "irrelevant" and were filed "solely for the purposes of harassment and embarrassment." [8] at 2-3.

The subject photographs are explicitly referenced in the April 2017 reprimand, which is the subject of Funches's Complaint. The Court cannot, therefore, find that the photographs are completely irrelevant, or that Funches does not at least believe they are relevant, to his claims or response to Defendants' motion.[2] Accordingly, the Court cannot find that Funches filed them solely to harass and embarrass or for an improper purpose, as required by Rule 11(b).

---

[2] Defendants correctly note that Funches does not "address or reference" the subject photographs in his response to Defendants' motion. In his response, Funches does, however, reference, and even focus, on the reprimand which references the photographs. *See* [5].

2

As another basis for sanctions, Defendants cite a Text-Only Order entered by Magistrate Judge John C. Gargiulo in another case Funches filed against Defendants. The Text-Only Order states, in relevant part, "[s]hould Plaintiff desire to file any of the subject photographs into the record, he must first file a motion seeking leave of court to do so." *Funches v. Miss. Dev. Auth., et al.,* Civil Action No. 3:16-cv-824-WHB-JCG.

Defendants argue that "Plaintiff has been put on notice that filing these photographs with the Court is inappropriate," and therefore, he should be sanctioned for filing them. [8] at 3. Judge Gargiulo's order does not, however, prohibit Plaintiff from filing the photographs; rather, it required Funches to "first file a motion seeking leave of court to do so." Judge Gargiulo entered the Text-Only Order as his ruling on a motion for protective order filed by Defendants in the other case. No motion for protective order has been filed by Defendants in this case. In his response to Defendants' motion for sanctions in this case, Funches, a *pro se* plaintiff, asserts that he has not violated any order in this case and that "this case . . . is absolutely different [from the other case], *with two entirely different judges . . . .*" [9] at 3 (emphasis in original). Giving Funches the benefit of the doubt under these circumstances, the undersigned finds that Funches should not be sanctioned in this instance.

However, Funches is hereby instructed that should he wish to file the subject photographs in any case before the United States District Court for the Southern District of Mississippi, he must first file a motion seeking leave and permission of the Court to file them. Failure to do so <u>will</u> result in sanctions being imposed against him.

Defendants' Motion for Sanctions [7] is denied.

SO ORDERED, this the 19th day of November, 2018.

          /s/ F. Keith Ball
          UNITED STATES MAGISTRATE JUDGE