UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANDRE FUNCHES, SR.                                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:18-CV-82-DPJ-FKB

MISSISSIPPI DEVELOPMENT AUTHORITY, ET AL.                                         DEFENDANTS

ORDER

This employment-discrimination case is before the Court on the Motion to Dismiss [3] filed by Defendants Mississippi Development Authority ("MDA"), Jay McCarthay, and Jennifer Sledge (collectively "Moving Defendants"). For the reasons that follow, the motion is granted, but Plaintiff Andre Funches will be given an opportunity to seek leave to amend. Two other defendants, Glenn McCullough and Daron Wilson, may not have been properly served, so Funches must show cause why the claims against those defendants should not be dismissed under Federal Rule of Civil Procedure 4(m).

I.     Background

Funches—an African-American male—is employed by MDA and says Defendants subjected him to a racially hostile work environment and retaliated against him for engaging in protected conduct. Funches has apparently filed a number of internal grievances, EEOC charges, and lawsuits over the years. In August 2016, MDA gave Funches—and no other employee—a memorandum explaining how he should file future employment grievances. Compl. [1] ¶ 5. Among other things, MDA instructed Funches to enclose his grievances in envelopes. *Id.*

Although Funchs says he complied, MDA reprimanded him in April 2017 for failing to enclose a new grievance. *Id.*; *see* Reprimand [5-1].[1]

Aggrieved by the reprimand, Funches filed a charge of race discrimination and retaliation with the EEOC. EEOC Charge [1-2]. And on November 21, 2017, he received his notice of right to sue. EEOC Notice [1-1]. Funches then filed this Complaint on February 7, 2018, within the 90-day time limit, against MDA, Glenn McCullough, Daron Wilson, Jay McCarthy, and Jennifer Sledge. Defendants MDA, McCarthy, and Sledge now move to dismiss under Federal Rule of Civil Procedure 12(b)(6). It does not appear that McCollough or Wilson has been served.

II.     Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

---

[1] It is not clear what Funches complained about in the disputed grievance. His Complaint mentions a disputed promotion decision in 2015, but the reprimand was in 2017 and states that it relates to an April 4, 2017 grievance. Defendants did not address this point, so the Court merely observes that it should be sorted out later.

2

allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Additionally, Funches is proceeding pro se. "It is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). "However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice.'" *Id.* (quoting *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

Finally, in considering a motion under Rule 12(b)(6), the Court "must [generally] limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). An exception to this rule exists for documents "if they are referred to in the plaintiff's complaint and are central to [his] claim." *Id.* at 499 (citing *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

In this case, Funches attached the disputed reprimand [5-1] to his Response [5]. The document is obviously central to his claims, so the Court may consider it without converting the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

III. Analysis

Funches asserts Title VII claims for retaliation and hostile work environment and an equal-protection claim under 42 U.S.C. § 1983. Compl. [1] at 1–3. Frankly, the Court struggled to determine which claims Funches asserted against which defendants, and a motion to dismiss on that basis would probably be granted with leave to amend. Moreover, Funches's Title VII claims against the individual defendants are defective because individuals are generally not considered "employers" under Title VII. *See Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities.").

But Moving Defendants neglected these issues. Instead, their two-paragraph analysis observes that the Complaint fails to state plausible claims for retaliation or hostile work environment. Accordingly, the Court has focused on those issues and, for the reasons that follow, finds them meritorious but not sufficient to dismiss the Complaint without leave to amend.

A. Retaliation

Funches says Defendants violated Title VII when they "unduly reprimanded" him after he engaged in protected activity—filing internal grievances and complaints with the EEOC and

in federal court.  Compl. [1] at 4–5.  The elements of a Title VII retaliation claim are "'(1) that [Funches] engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action.'"  *Evans v. City of Hous.*, 246 F.3d 344, 352 (5th Cir. 2001) (quoting *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996).

Moving Defendants take issue with the second element.  They note that the only adverse action Funches specifically pleaded—the written reprimand—"without more, does not constitute an adverse employment action sufficient to sustain a claim for Title VII retaliation under Fifth Circuit law."  Defs.' Mem. [4] at 2.  To constitute an adverse employment action under Title VII, the employer's conduct must be such that "a reasonable employee would have found . . . [it to be] materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted).  This materiality requirement separates "significant from trivial harms."  *Id.*

The reprimand Funches received states that on April 4, 2017, he delivered to Defendant McCarthy "absent any covering or enclosure, a grievance and attachments that included seventeen photographs of a salacious nature of another employee."  *See* Reprimand [5-1] at 1. Funches filed those photographs as an exhibit to his response, and they include graphic nude images of a co-worker, but there is a factual dispute whether he failed to use an envelope.  *See* Compl. [1] ¶ 5.

The salient legal issue is whether this one reprimand would dissuade a reasonable employee from engaging in protected activity.  In *Thibodeaux-Woody v. Houston Community College,* the court held that "a written reprimand, without evidence of consequences, does not

5

constitute an adverse employment action." 593 F. App'x 280, 286 (5th Cir. 2014). Though an unpublished decision, this case has been cited as persuasive authority and is consistent with other decisions from the Fifth Circuit. *See Simmons-Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, 275 (5th Cir. 2013) (holding that written warning would not dissuade reasonable employee); *Hernandez v. Johnson*, 514 F. App'x 492, 499 (5th Cir. 2013) (holding that "Letter of Counseling was not an adverse employment action"); *DeHart v. Baker Hughes Oilfield Operations, Inc.*, 214 F. App'x 437, 442 (5th Cir. 2007) (holding on different grounds that single written reprimand did not constitute adverse employment action).

Funches counters all this by observing that his written reprimand might subject him to more severe discipline if he suffered another disciplinary action. As support, he cites a pre-*White*, unpublished opinion from the Ninth Circuit Court of Appeals, where the court found an adverse action under analogous circumstances. *See* Pl.'s Mem. [5] at 2 (citing *Boswell v. Potter*, 51 F. App'x 661, 663 (9th Cir. 2002) (reversing summary judgment where reprimand stayed in employee's file and could affect later discipline)).[2]

It would have helped the Court had Moving Defendants addressed this argument in a reply. And it does not appear that the Fifth Circuit has squarely considered an identical reprimand. That said, two panel decisions indicate that Funches's reprimand would not constitute a materially adverse action. First, in *Hernandez*, the letter of reprimand was not placed in the employee's personnel file, but he was warned that "it could be cited if disciplinary action were to be required later to indicate that he was counseled on the nature of the

---

[2] Funches also cited *Willis v. Cleco Corp.*, as establishing that written reprimands can constitute adverse actions, but it appears that the parties did not dispute that issue, and summary judgment was affirmed on other grounds. 749 F.3d 314, 318 (5th Cir. 2014).

misconduct." 514 F. App'x at 495. The court found—as a matter of law—that this was not enough to dissuade a reasonable employee from engaging in protected activity. *Id.*

A similar result occurred in *Noack v. YMCA of Greater Houston Area*, 418 F. App'x 347 (5th Cir. 2011). There, the plaintiff cited a written reprimand to establish an adverse employment action, but the Fifth Circuit took a more literal approach to whether he suffered adverse consequences:

> Noack, however, admitted that he did not suffer any "significant harms": his job was not changed, his pay was not changed, his supervisor was not changed, the staff he supervised was not changed, and he was not removed from the multi-site director position. . . . Because Noack failed to show any evidence that he suffered any materially adverse employment action, we affirm the district court's judgment as to the FLSA retaliation claim.

*Id.* at 353. Nor did Funches suffer such harms. So on the present record, Funches has not shown that the written reprimand constitutes an adverse employment action.

### B. Hostile Work Environment

Funches says Defendants also violated Title VII and his equal-protection rights—as asserted under § 1983—by subjecting him to a racially hostile work environment. Title VII race claims and § 1983 equal-protection claims are decided under the same standards. *See Lauderdale v. Tex. Dep't of Criminal Justice*, 512 F.3d 157, 166 (5th Cir. 2007) (explaining that in employment-discrimination cases "[s]ection 1983 and title VII are 'parallel causes of action'" (citation omitted)).

The elements of a Title VII or § 1983 hostile-work-environment claim are:

> (1) [Funches] belongs to a protected group; (2) [Funches] was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. For harassment on the basis of race to affect a term, condition, or privilege of employment, as required to support a hostile work environment claim under Title VII, it must be sufficiently

7

> severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.

*Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (quotation marks and citations omitted).

Moving Defendants do not take issue with any specific element, saying generally that "Funches'[s] 'conclusory allegations' and 'legal conclusions' regarding a 'hostile work environment' do not state a claim sufficient to survive the Defendants' motion to dismiss." Defs.' Mem. [4] at 3 (citation omitted).

The Court agrees that that the claim, as currently pleaded, fails to state a plausible claim. Although Funches makes the conclusory averment that Defendants created a hostile working environment, the Court must ignore such assertions. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Looking at the pleaded facts, Funches claims he was passed over for promotion (the dispute litigated in his other federal case); received special instructions for filing grievances; and received a written reprimand. As for the instructions, it is easy to see why MDA required an envelope when the grievance included pornographic images of an MDA employee. And one written reprimand would not "affect a term, condition, or privilege of employment." *Ramsey*, 286 F.3d at 268. Accordingly, Funches has not pleaded sufficiently severe or pervasive conduct to make a plausible hostile-work-environment claim.

### C. Leave to Amend

Although the Court has granted Moving Defendants' motion, "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibly result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted). "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.*

Here, Funches may not have pleaded his best case—most notably with respect to the hostile-work-environment claim. This case will therefore remain open, and he is granted 14 days to file a motion seeking leave to amend. That motion should attach a copy of his proposed amended complaint. Funches is given notice that the proposed amended complaint should include sufficient factual detail to state a plausible claim *as to each defendant*. For example, it is not enough to say, "Defendants created a hostile work environment." He must instead describe the factual instances of racial discrimination forming the basis of his hostile-work-environment claim and state what each defendant did to allegedly contribute to it. Likewise, if Defendants oppose a motion to amend, the Court expects a far more thorough response than what has been offered so far.

D. Service of Process

Funches filed his Complaint on February 7, 2018. Under Federal Rule of Civil Procedure 4(m), Funches had 90 days to perfect service. Glenn McCullough and Daron Wilson have not appeared in this case and there is no indication in the docket that they were ever served. *See* Fed. R. Civ. P. 4(l) ("Unless service is waived, proof of service must be made to the Court."). For these reasons, Funches is given 14 days to show cause why the claims against McCullough and Wilson should not be dismissed under Rule 4(m).

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, the motion to dismiss [3] is granted, but Funches will be granted 14 days to file a motion seeking leave to amend. Failure to do so will result in the immediate dismissal of the claims against Moving Defendants with prejudice and without further notice. By that same deadline, Funches must demonstrate that he has properly served

McCullough and Wilson or show cause why the claims against them should not be dismissed. Failure to comply with this instruction will likewise result in final dismissal of McCullough and Wilson without further notice.

**SO ORDERED AND ADJUDGED** this the 14th day of January, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
