fUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANDRE FUNCHES, SR.                                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:18-CV-82-DPJ-FKB

MISSISSIPPI DEVELOPMENT
AUTHORITY, ET AL.                                                                                   DEFENDANTS

ORDER

This previously dismissed employment-discrimination case is before the Court on *pro se* Plaintiff Andre Funches, Sr.'s, Motion for Leave to File Amended Complaint [13] and his Motion for Sanctions and Contempt [15] against Defendants Mississippi Development Authority ("MDA"), Jay McCarthay, and Jennifer Sledge (collectively "Responding Defendants"). Responding Defendants oppose both motions. For the following reasons, Funches's motion to amend is granted in part and denied in part, and his Motion for Sanctions and Contempt is denied.

I.  Background

Funches—an African-American male and former MDA employee—initially filed this race-discrimination and retaliation suit against Responding Defendants and two additional defendants, Glenn McCullough and Daron Wilson. Neither McCullough nor Wilson has been served. The original complaint asserted Title VII claims for retaliation and hostile work environment and an equal-protection claim under 42 U.S.C. § 1983. Compl. [1] at 1–3. On January 14, 2019, the Court granted Responding Defendants' motion to dismiss those claims without prejudice, finding that (1) Funches had not pleaded a plausible retaliation claim because he suffered no adverse employment actions; and (2) the Title VII and § 1983 hostile-work-environment claims failed because the pleaded facts did not suggest sufficiently severe or

pervasive conduct. *See* Jan. 14, 2019 Order [12] at 4–8. The Court gave Funches 14 days to file a motion seeking leave to amend. *Id.* at 9.

Funches timely sought leave, but his proposed amended complaint moves in a new direction. Instead of curing the defects in his original complaint, he seeks leave to add new claims and two new defendants. Funches also filed a motion for sanctions and contempt. Responding Defendants oppose both motions.

II.     Motion for Leave to File Amended Complaint

    A.     Standard

"The court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(a) therefore "evinces a bias in favor of granting leave to amend" and "severely restricts the judge's freedom." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981). But leave is not automatically granted. Valid reasons to deny leave include factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 890 (5th Cir. 1987) (citations omitted). An amendment is futile if the "amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., Inc.*, 234 F.3d 863, 873 (5th Cir. 2000) (citations omitted). Thus, to determine whether a proposed claim is futile, the Court applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

Funches's discursive amended complaint is at times unintelligible. But because he proceeds *pro se*, the Court must construe it liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under this lenient standard, "conclusory allegations or legal conclusions

masquerading as factual conclusions will not suffice." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

B.  Analysis

The easiest way to organize Funches's proposed amended complaint is by separating the claims related to conduct occurring before he filed the instant case from conduct allegedly occurring after he filed. As to acts before the initial complaint, Funches generally realleges his original claims that Defendants created a racially hostile work environment and retaliated against him for his past complaints.

The new claims generally relate to the way Funches used lewd photographs of a co-worker to pursue this case. When Funches filed his response to Responding Defendants' motion to dismiss, he attached lewd photographs without asking the Court to seal them. So until the Court sealed them *sua sponte*, photographs of a nude co-worker were publicly available. According to Funches, MDA responded by suspending him from work and then terminating his employment. He now alleges that this conduct was retaliatory under Title VII and that he was treated less favorably than a female employee, Tameika Shelwood, who supposedly lied during an investigation but was not fired. He therefore asserts a new retaliation claim under Title VII and gender-discrimination claims under Title VII and 42 U.S.C. § 1983.[1]

Starting with the original retaliation and hostile-work-environment claims, Responding Defendants say Funches failed to cure the deficiency the Court highlighted when it dismissed those claims without prejudice. In its dismissal Order, the Court informed Funches that he could

---

[1] Funches also asserts that Shelwood received promotions by engaging in inappropriate conduct, but that issue was the subject of separate litigation. *See Funches v. Miss. Dev. Auth.*, No. 3:16-CV-824-WHB-JCG.

3

seek leave to amend but carefully outlined what he would need to do to successfully plead those claims.

In particular, the Court stated that Funches would need to "describe the factual instances of racial discrimination forming the basis of his hostile-work-environment claim and state what each defendant did to allegedly contribute to it." Jan. 14, 2019 Order [12] at 9. Funches ignored these instructions. He pleaded nothing new regarding the original claims. As to the individual defendants, the proposed amended complaint still fails to plead facts regarding what they supposedly did or how they could face liability under Title VII or § 1983. *See generally* Proposed Am. Compl. [13-1]. Regarding MDA, Funches's proposed amended complaint offers no additional facts that would overcome the Court's initial analysis of his Title VII retaliation and hostile-work-environment claims. The same is true for his § 1983 claim against MDA— assuming he intended to assert one. The originally pleaded claims are now dismissed with prejudice.[2]

That leaves Funches's new claims based on the post-complaint suspension and termination from employment. As to these, Responding Defendants say Funches failed to exhaust under Title VII and further failed to plead sufficient facts under § 1983.

---

[2] It also appears that MDA is an arm of the state and therefore entitled to sovereign immunity. *S. Indus. Contractors, LLC v. Neel-Schaffer, Inc.*, No. 1:17-CV-255-LG-JCG, 2017 WL 5906040, at *2 (S.D. Miss. Nov. 30, 2017)(holding that "MDA did not waive its sovereign immunity"); *Williams v. Barbour*, No. 3:09-CV-179-DPJ-JCS, 2009 WL 3230885, at *2 (S.D. Miss. Oct. 2, 2009) (holding that MDA is entitled to Eleventh Amendment immunity as an "arm of the state"). MDA actually prevailed on this very issue in at least one of its prior cases *with Funches. See Funches v. Miss. Dev. Auth.*, No. 3:16-CV-824-WHB-JCG. Yet MDA failed to assert this defense in its response, so the Court will not further consider it.

Starting with the exhaustion argument, a plaintiff must normally present Title VII claims to the Equal Employment Opportunity Commission ("EEOC") before filing suit. 42 U.S.C. § 2000e. But the Fifth Circuit has long provided an "exception that allows a plaintiff to proceed in district court on an unexhausted retaliation claim if that claim is alleging retaliation for properly bringing an exhausted claim before the district court." *Hutcherson v. Siemens Indus., Inc.*, No. 3:17-CV-907-TSL-RHW, 2018 WL 4571908, at *3 (S.D. Miss. Sept. 24, 2018) (citing *Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981)).

Whether intentionally or not, Funches seems to invoke the so-called *Gupta* exception, but he fails to account for an important caveat; it does not apply when "both retaliation and discrimination are alleged." *Simmons-Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, 273 (5th Cir. 2013) (citing *Scott v. Univ. of Miss.*, 148 F.3d 493, 514 (5th Cir. 1998) (holding that *Gupta* "is limited to retaliation claims due to the special nature of such claims"), *abrogated on other grounds by Kimel v. Fla. Bd. of Regents*, 528 U.S. 62 (2000); *Sapp v. Potter*, 413 Fed. App'x 750, 752–53 (5th Cir. 2011) ("Because the *Gupta* exception is premised on avoiding procedural technicalities, it has only been applied to retaliation claims alone [and not] claims in which both retaliation and discrimination are alleged.")), *cert. denied*, 571 U.S. 823 (2013).

Here, Funches clearly argues that the present case motivated MDA's decision to suspend and eventually terminate his employment. But he goes further, arguing that the termination was also motivated by his gender and perhaps age. *See* Proposed Am. Compl. [13-1] ¶¶ 5, 7. He therefore asserts more than mere retaliation, and his claims based on conduct after he filed suit must be exhausted before the EEOC. *Scott*, 148 F.3d at 514. The new Title VII retaliation and gender-discrimination claims are dismissed without prejudice for failure to exhaust.

Turning to § 1983, those claims do not require exhaustion. *Am. Federated Gen. Agency, Inc. v. City of Ridgeland*, 72 F. Supp. 2d 695, 701 (S.D. Miss. 1999) (citing *Gibson v. Berryhill*, 411 U.S. 564, 574 (1973)). But, as the Responding Defendants note, Funches must still plead sufficient facts to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And as to the new claims, the proposed amended complaint presents the same defects as the original complaint.

To begin with, it fails to provide any factual details suggesting plausible § 1983 claims against the originally named individual defendants. To impose liability under § 1983 against an individual, the plaintiff must plausibly plead that "there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). "Section 1983 does not create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). This requires individualized factual averments, and Funches never provides them. Therefore, the originally named Defendants are dismissed with prejudice.

As to MDA, it does not appear that MDA is even subject to liability under § 1983 because it is an arm of the state and not a "person" under § 1983. *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007) (holding that "arms of the state" are not "persons" under § 1983). MDA may also be entitled to sovereign immunity. *See Williams*, 2009 WL 3230885, at *2 (holding that MDA is entitled to sovereign immunity). But MDA never makes those arguments.[3]

---

[3] Responding Defendants' briefing regarding their motion to dismiss was equally thin, prompting the Court to warn that "if Defendants oppose a motion to amend, the Court expects a far more

*Assuming*, therefore, that MDA could be treated like a municipality under §1983, such claims require specific proof: "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (citation omitted).

Frankly, this test is a bad fit because MDA is not a municipality, nor is it a "person." But the test does reflect the basic § 1983 tenet that a defendant must personally commit some unconstitutional act. *Respondeat superior* is insufficient. Oliver, 276 F.3d 742. The proposed amended complaint offers no facts from which the Court could construe that Funches plausibly establishes MDA's liability under § 1983.

That leaves the new claims Funches asserts against Mike McCrevey and Tamieka Shelwood. Similar to the original Defendants, Funches offers no facts suggesting a plausible claim against McCrevey. He is dismissed with prejudice. But Funches does list specific facts regarding Shelwood's alleged conduct. While those claims also seem suspect, Responding Defendants have not offered any arguments suggesting that these facts fail to state a claim. Moreover, they offer no legal analysis suggesting that Rule 15(a) forecloses Funches's desire to add new defendants. So at this point, Funches will be allowed to amend the complaint and serve Shelwood.

---

thorough response than what has been offered so far." Jan. 14, 2019 Order [12] at 9. Had they asserted all available defenses, this order would have been far easier to write.

III.      Motion for Sanctions and Contempt [15]

Funches seeks an order sanctioning and holding Responding Defendants in contempt.[4] Mot. [15]. The Court will address each in turn. First, the "movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992) (citation omitted). Here, Funches points to United States Magistrate Judge Ball's November 19, 2018 Order [11].

Although the Order is in effect, the Court agrees with Responding Defendants that the "order requires no specific conduct from the[m]. Rather, it requires that Funches file a motion seeking leave and permission prior to filing certain [pornographic] photographs in any case before [this Court]." Defs.' Mem. [21] at 3 (citing Nov. 19, 2018 Order [11] at 3). Because the Order does not require any specific conduct by Responding Defendants, Funches has not shown that they failed to comply.

Next, Funches argues that Responding Defendants violated Rule 11(b). "Rule 11 requires the attorney filing litigation documents to certify that the documents" meet certain requirements. *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 528 (5th Cir. 2016) (citing Fed. R. Civ. P. 11(b)). But Funches's motion for sanctions is based upon a reprimand he received at work and his termination from the MDA. *See generally* Pl.'s Mem. [16]. The Court agrees with Responding Defendants that the reprimand and Funches's termination are not

---

[4] It is unclear from Funches's motion which Defendants he thinks should be sanctioned and held in contempt. Since Responding Defendants assume Funches moves against them, the Court will also.

sanctionable actions under Rule 11. Defs.' Mem. [21] at 3–4. Funches's motion for sanctions is therefore denied.

IV. Rule 4(m) Order to Show Cause

The claims against Defendants McCullough and Wilson have now been dismissed for failure to state a claim. That ruling moots whether Funches established good cause for having failed to properly serve those defendants. *See* Jan. 14, 2019 Order [12] at 9 (instructing Funches to show good cause under Rule 4(m)).

V. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Funches's motion to amend [13] is granted in part and denied in part, and his Motion for Sanctions and Contempt [15] is denied. Although the Court has denied leave to amend as to all defendants other than Shelwood, it will allow Funches to docket his Proposed Amended Complaint as drafted to avoid further delay and confusion. Obviously though, the other defendants have been dismissed, and filing the Proposed Amended Complaint does not alter that ruling. Finally, Funches is given 10 days to file his Proposed Amended Complaint and 30 days to properly serve Defendant Tamieka Shelwood. Failure to file the Proposed Amended Complaint within that time will result in final dismissal without further notice.

**SO ORDERED AND ADJUDGED** this the 4th day of April, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE